UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDOLPH SCHMIDT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-00601-NCC |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for the Appointment of Counsel (Doc. 3), Petitioner's Motion for Evidentiary Hearing (Doc. 4), and Petitioner's Motion for Stay and Abeyance (Doc. 5). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 9). For the following reasons, Petitioner's Motion for the Appointment of Counsel and Motion for Evidentiary Hearing will be **DENIED, without prejudice** and Petitioner's Motion for Stay and Abeyance will be **DENIED**.

### I. Motion for the Appointment of Counsel

First, Petitioner moves for the appointment of counsel (Doc. 3). In his Motion, Petitioner indicates that (1) he believes that he has colorable claims that would entitle him to relief; (2) he has medical issues that would limit his ability to litigate; (3) the issues in this case are complex and require significant research and investigation but he has limited access to the law library and is legally illiterate to the law; (4) he is mentally unable to understand the legal proceedings; and (5) he is currently using a "jail house lawyer" (*Id.*).

The appointment of counsel for an indigent *pro se* petitioner lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28

U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). *See also Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

Once Petitioner alleges a prima facie claim, the Court must determine Petitioner's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both Petitioner and the Court would benefit from the assistance of counsel. *Edwards v. Dwyer*, 2008 WL 222511, 2008 WL 222511, at *1 (E.D. Mo., January 25, 2008) (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and associated exhibits (Docs. 1, 1-1 to 1-20), the Court does not believe that either the factual or legal issues are complex. Moreover, although Petitioner indicates he had assistance in preparing his petition and the current motions, Petitioner's claims have been clearly presented to the Court such that counsel does not appear warranted at this time. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Petitioner's motion should be denied without prejudice.

## II. Motion for Evidentiary Hearing

Next, Petitioner moves for an evidentiary hearing (Doc. 4). In his Motion, Petitioner asserts that he has colorable claims that would entitle him to relief and that, while he has provided a portion of evidence in support of his claims, he has more to present (*Id.*). Petitioner

argues that an evidentiary hearing can be ordered to clarify and/or expand the record or when a Petitioner starts with enough evidence to create a genuine interest (*Id.*).

Under 28 U.S.C. § 2254(e)(2), a federal district court may not grant an evidentiary hearing unless "the applicant has failed to develop the factual basis of a claim in State court proceedings, . . . the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence[,] and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." An evidentiary hearing is not necessary when the merits of Petitioner's claims may be resolved based on the state court record. *McCann v. Armontrout*, 973 F.2d 655, 658-59 (8th Cir. 1992). At this stage of the litigation, such a motion is premature. Further, it appears that the filings of the Parties and the state court record will contain sufficient facts for the Court to make an informed decision on the merits of Petitioner's claims as presented in his Petition. Therefore, the Court will deny Petitioner's Motion without prejudice.

### III. Motion for Stay and Abeyance

Finally, Petitioner moves for a stay and abeyance (Doc. 5). In support of his Motion, Petitioner asserts that his Petition contains unexhausted claims due to trial, direct appeal, post-conviction, and post-conviction appellate counsel failing to raise them (*Id.*). Indeed, in his Petition pursuant to Section 2254, Petitioner appears to raise 31 grounds for relief, some of which appear not to have been raised before the state courts (Docs. 1 & 1-16). Petitioner therefore requests the opportunity to return to state court to exhaust the unexhausted claims (Doc. 5).

3

A stay and abeyance is not appropriate in this case. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, a stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are plainly meritless, whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. However, Petitioner has not indicated specifically what unexhausted claim or claims he would present to the state courts and then to this Court and he has not stated why the state courts would take up any unexhausted claims at this time. Further, although Petitioner generally asserts, as good cause to excuse his failure to present his unexhausted claims to the state courts, that counsel at all stages of his proceedings failed to raise these unexhausted claims before the state courts, this circuit has yet to address whether ineffective assistance of counsel at any stage amounts to good cause to excuse a petitioner's failure to exhaust. Regardless, even if the Court were to accept that ineffective assistance of counsel may constitute good cause, Petitioner's bare assertion of ineffective assistance of counsel does not rise to the level of good cause to account for Petitioner's failure to present his unexhausted claims to the state courts. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (concluding that the ineffective assistance of post-conviction counsel could constitute good cause for a *Rhines* stay provided that the petitioner's assertion of good cause "was not a bare allegation of state postconviction [ineffective assistance of counsel], but a concrete and reasonable excuse, supported by evidence.").

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for the Appointment of Counsel (Doc. 3) is **DENIED, without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 4) is **DENIED, without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay and Abeyance (Doc. 5) is **DENIED**.

Dated this 31st day of August, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE