UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RANDOLPH SCHMIDT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-00601-NCC |
| | ) |
| **BILL STANGE,**[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 9). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

### I. PROCEDURAL HISTORY

On November 24, 2014, Petitioner was found guilty by a jury in the 25th Judicial Circuit Court of Phelps County, Missouri of trafficking in the first degree (Doc. 25-2 at 3). On January 15, 2015, the Circuit Court sentenced Petitioner to fifteen years imprisonment on the trafficking charge (*Id.*). Petitioner appealed the judgment, raising one claim:

> (1) The trial court abused its discretion in overruling defense counsel's objection to the state's closing argument, in which the prosecutor asked the jury to "do something about the meth problem" by finding appellant guilty.

---

[1] Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. *See Missouri Dept' Corr. Offender Search*, https://web.mo.gov/doc/offSearchWeb/offenderInfoAction.do (last visited July 30, 2021). Bill Stange is the Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

(Doc. 25-3 at 10). On December 16, 2015, the Missouri Court of Appeals affirmed Petitioner's conviction and sentence on direct appeal (Doc. 25-5 at 5). Petitioner filed a motion for post-conviction relief on March 16, 2016 (Doc. 25-6 at 7). On June 20, 2016, counsel filed on Petitioner's behalf an amended motion raising three claims:

> (1) Trial counsel was ineffective for failing to properly advise and ensure that Petitioner understood that a proposed plea agreement included an amendment of the charge from trafficking to manufacturing that would have allowed for the possibility of parole.
>
> (2) Trial counsel was ineffective for failing to advise and ensure that Petitioner understood that the state could submit, and the jury could convict him of, trafficking in the first degree on the theory of accomplice liability.
>
> (3) Petitioner was denied his right to due process and a fair trial when he was improperly denied jury sentencing as he did not knowingly waive jury sentencing. Alternatively, he was denied effective assistance of counsel in allowing the court to sentence him without a jury recommendation because the procedural requirements for finding him to be a prior offender set forth in Mo. Rev. Stat. § 558.021 had not been met.

(*Id.* at 22). After an evidentiary hearing, the motion court denied Petitioner's amended motion (*Id.* at 32-38). On January 4, 2018, the Missouri Court of Appeals for the Southern District affirmed the motion court's denial of the motion (Doc. 25-9 at 1-2). On April 13, 2018, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody raising the following 13 Grounds, which are divided into 39 identifiable claims:

> 1) Trial counsel was ineffective for failing to properly advise and ensure that Petitioner understood a plea offer made by the State;
>
> 2) The state post-conviction motion court erred in denying Petitioner's post-conviction motion based on Ground 1;
>
> 3) Trial counsel had requested Petitioner be mentally examined, and was ineffective for proceeding to trial without ensuring the examination was conducted;
>
>> a) Trial counsel was ineffective for failing to raise the mental examination issue in the motion for a new trial;
>>
>> b) The trial court erred in failing to sua sponte ensure that Petitioner received the mental examination;

2

c) Appellate counsel was ineffective for failing to raise the mental examination issue on direct appeal for plain error review;

d) Post-conviction counsel was ineffective for failing to raise the mental examination issue in the amended post-conviction relief motion;

e) Post-conviction appellate counsel was ineffective for failing to raise the mental examination issue on post-conviction appeal for plain error review;

    i) Post-conviction appellate counsel had a conflict of interest because she was also Petitioner's direct appeal counsel and could not, or would not, raise an ineffective assistance of counsel claim on herself for failing to raise it on direct appeal;

4) The trial court lacked jurisdiction to try and sentence Petitioner on the "original indictment" because the state's second amended information superseded, suspended, and quashed the "original indictment";

a) Trial counsel was ineffective for failing to raise the jurisdictional issue in the motion for new trial;

b) Appellate counsel was ineffective for failing to raise the jurisdictional issue on direct appeal;

c) Post-conviction counsel was ineffective for failing to raise the jurisdictional issue on the amended post-conviction motion;

d) Post-conviction appellate counsel was ineffective for failing to raise the issue on post-conviction appeal for plain error review;

    i) Post-conviction appellate counsel had a conflict of interest for the same reasons as 3(e)(i);

e) The trial court was in error when it told the prosecuting attorney that it was not necessary to file another amended information and allowed the state to proceed on the original [quashed] information.

5) Petitioner's due process rights were violated because Juror Botts was a voice actor who had previously done voice recordings for the prosecutor's campaign commercials, and the prosecutor improperly referred to Botts as "the voice of god himself";

a) Trial counsel was ineffective for failing to object to the improper bolstering from the prosecutor;

b) Trial counsel was ineffective for failing to use a preemptory strike to remove Juror Botts;

3

    c) Trial counsel was ineffective for failing to raise the juror issue in the motion for new trial;

    d) Appellate counsel was ineffective for failing to raise the juror issue on direct appeal for plain error;

    e) Post-conviction counsel was ineffective for failing to raise the juror issue in the amended motion for post-conviction relief;

    f) Post-conviction appellate counsel was ineffective for failing to raise the juror issue on post-conviction appeal for plain error review;

        i) Post-conviction appellate counsel had a conflict of interest for the same reasons as listed in 3(e)(i);

6) Trial counsel's errors taken individually, or cumulatively, were ineffective assistance of counsel;

    a) Trial counsel failed to file a motion to suppress Petitioner's statements on the ground that he was under the influence of his psychotic medication before speaking with police;

    b) Trial counsel failed to file for a change of venue after Petitioner's crime received media attention in a small community;

    c) Trial counsel failed to spend enough time with Petitioner or answer enough of his phone calls;

    d) Trial counsel failed to object to the amended information which alleged that Petitioner was a prior and persistent offender, which denied Petitioner jury sentencing;

    e) Trial counsel failed to preserve anything for appellate review or put meritorious claims in the motion for new trial;

    f) Trial counsel failed to provide effective assistance in the issues presented in this petition;

    g) Trial counsel failed to file a notice of appeal which forced Petitioner to file a late notice of appeal;

7) Appellate counsel was ineffective for not raising any of trial counsel's errors, or any of the other grounds listed in this petition;

8) Post-conviction counsel was ineffective for failing to raise meritorious claims that trial

counsel was ineffective, or any of the other grounds listed in this petition;

9) Post-conviction appellate counsel was ineffective for failing to raise any of the grounds for relief in this petition;

10) The state post-conviction court erred when it failed to consider trial counsels overall performance in denying the motion;

11) The prosecutor committed misconduct when he referred to Juror Botts, a voice actor, as "the voice of God himself" during voir dire, which tainted the jury pool;

12) The prosecutor committed misconduct when he argued during closing argument that the jury should "put an end to the meth problem" by finding Petitioner guilty; and

13) The police violated Petitioner's fifth amendment rights by continuing to question him after he told them that he had taken psychotic medication earlier, which made it impossible to be "of sound mind" when he made statements to police.

(Doc. 1).

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, to exercise only "limited and deferential review" of underlying state court decisions.  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it

5

unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

**A. Procedural Default**

Grounds 3-11 and 13 are procedurally defaulted and may not give rise to federal habeas relief (*See* Doc. 1-16).  To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003).  A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition.  *Id.* at 1021.  Claims that have not been fairly presented to the state courts are procedurally defaulted.  *Id.* at 1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).  Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default.  *Id.*  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

6

Petitioner concedes he failed to raise Grounds 3-11 and 13 before the state courts (Doc. 1-16 at 1).[2] As cause for his default, Petitioner briefly mentions that the Court has the authority to review otherwise procedurally barred claims through the *Martinez* exception for structural defects, violations of bedrock constitutional rights, and jurisdictional defects (Doc. 1-16 at 1). However, other than listing these exceptions Petitioner makes no clear argument as to their applicability in this case. Regardless, in an abundance of caution, the Court will address any grounds that could potentially implicate *Martinez*. In *Martinez v. Ryan*, the Supreme Court created a "narrow exception" and held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012). In order to show cause for his procedural default under *Martinez*, Petitioner must show that his post-conviction counsel was ineffective under *Strickland* and that the underlying ineffective-assistance-of-counsel claim is substantial. *Id.* For the following reasons, the Court finds that *Martinez* does not apply in this instance.

First, in Ground 8, Petitioner claims that he received ineffective assistance of counsel from his post-conviction motion counsel for failing to "raise meritorious claims that trial counsel was ineffective, or any of the other grounds listed in this petition" (Doc. 1-16 at 10). Petitioner makes no argument about how the omission of these claims satisfies the *Strickland* standard. *Reed v. Norman*, No. 4:18-CV-1663-RWS, 2019 WL 6698628, at *3 (E.D. Mo. Dec. 9, 2019). Counsel is strongly presumed to have rendered adequate assistance and made all significant

---

[2] Petitioner lists Grounds 3-13 as "unexhausted claims," but this characterization is inaccurate as he has completed state review without raising these claims with the exception of Ground 12 (*See* Doc. 1-16 at 1).

7

decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The presumption of effective assistance of counsel can generally only be overcome when the ignored issues are clearly stronger than those presented. *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006). Petitioner has failed to allege any facts that would overcome this strong presumption afforded to Petitioner's counsel.

Second, in Grounds 7 and 9, Plaintiff asserts that his direct and post-conviction appellate counsel were ineffective for failing to raise and preserve claims in the current petition (*See* Doc. 1-16 at 10-11). However, the narrow *Martinez* exception only applies to ineffective assistance of trial counsel claims, and it is not extended to ineffective assistance of appellate counsel or post-conviction appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Thus, the *Martinez* exception does not apply in this case.

Petitioner also asserts, in Ground 3(e)(i), 4(d)(i), and (5)(f)(i), that a conflict of interest between his direct and post-conviction appellate counsel precluded his ability to raise an ineffective assistance of counsel argument against his direct appeal counsel (Doc. 1-16 at 3-8). Specifically, Petitioner argues post-conviction appellate counsel had a conflict of interest because she was also Petitioner's direct appeal counsel and could not, or would not, raise an ineffective assistance of counsel claim on herself for failing to raise it on direct appeal (*Id.*). However, Petitioner fails to explain why he did not raise this argument in his post-conviction motion when he was represented by counsel uninvolved in his direct appeal (Doc. 25-6 at 21-31). Indeed, Petitioner raised claims against trial counsel in his initial, *pro se* post-conviction motion, but not against his direct appeal counsel (*Id.* at 7-18). For these reasons, the Court will deny Grounds 3-11 and 13 as procedurally defaulted.

8

**B. Ineffective Assistance of Trial Counsel**

In Ground 1, Petitioner asserts that trial counsel was ineffective for failing to properly advise and ensure that Petitioner understood a plea offer made by the State in August of 2013 (Doc. 1 at 5).  Specifically, Petitioner argues that trial counsel failed to advise and ensure that Petitioner understood that the plea agreement included an amendment of his charge from trafficking to manufacturing that would have allowed for the possibility of parole (Doc. 1-4 at 2).  Petitioner asserts that he is hearing impaired, and that trial counsel did not take adequate steps to ensure that he fully understood the nature of the plea offer in light of his impairment (*Id.* at 4).  Petitioner argues that if he had known the offer allowed for the possibility of parole that he would have plead guilty and accepted the offer (*Id.* at 5).  In Ground 2, Petitioner asserts that the state post-conviction motion court erred in denying Petitioner's post-conviction motion based on Ground 1.

In deciding Petitioner's claim, the state post-conviction motion court found the following facts:

> [Petitioner] testified that counsel did not adequately advise him that this 12 year offer included an amendment of the charge from trafficking 1st to manufacturing and that this change would result in him being eligible for normal parole pursuant to parole board policies.  [Petitioner] suffers from significant hearing loss.  Counsel testified that she advised [Petitioner] of the amendment to the charge and that the amended charge allowed the possibility of parole.  Counsel testified that she was aware that [Petitioner] had a hearing impairment and would speak loudly enough for him to understand her and would ask him if he could understand her.  [Petitioner] usually responded in the affirmative, and in the instances where he indicated that he did not understand her, she would repeat herself to assure his understanding.  Her conduct with respect to advising and ensuring that [Petitioner] was aware and understood the proposed plea agreement and that it included an amendment from trafficking to manufacturing, allowing the possibility of probation and parole, was appropriate and did not constitute ineffective assistance of counsel.

(Doc. 25-6 at 33).  On appeal, the Missouri Court of Appeals additionally noted trial counsel's testimony that, "[w]henever I explained [the charge] to him, that was one of the main things I

explained was that the amended charge would carry the possibility of probation and parole." (Doc. 25-9 at 2). The appellate court indicated that trial counsel had explained the plea agreement to Petitioner twice, once in the jail, and again in court (Doc. 25-9 at 2). Indeed, before the appellate court, the State asserted that trial counsel discussed the matter with Petitioner in court with the aid of a hearing device (Doc. 25-8 at 14).[3] The appellate court affirmed the trial court's conclusion that counsel's explanation of the plea agreement to Petitioner "was appropriate and did not constitute ineffective assistance of counsel" (Doc. 25-9 at 2, Doc. 25-6 at 33).

As previously discussed, to succeed on a claim of ineffective assistance of counsel, Petitioner must prove that his counsel's performance in advising him fell below reasonable standards of professional conduct and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. 668, 694. When, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." *See Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

---

[3] Respondent has not provided the Court with a copy of the evidentiary hearing transcript so that the Undersigned could confirm this version of events. The State's signed representations to the court are not to be taken lightly considering counsel's ethical obligations. However, even absent the use of a hearing device, the Court would find as follows that the state courts' decisions are not contrary to or an unreasonable application of federal law.

The state courts' decisions are not contrary to, nor do they involve, an unreasonable application of federal law.  In this case, Petitioner has failed to provide any evidence to rebut the state court findings that trial counsel sufficiently explained the plea offer to Petitioner.  Furthermore, the Eighth Circuit Court of Appeals has previously held that there is no constitutional requirement that prisoners be given advice regarding the specifics of parole eligibility, and that any failure to do so does not render counsel ineffective under the *Strickland* standard.  *See Plunk v. Hobbs*, 766 F.3d 760, 769 (8th Cir. 2014) ("[A]ny such extension of the Sixth Amendment would be a new rule of constitutional law, inapplicable on collateral review") (citations omitted).  As such, Petitioner has failed to demonstrate an inadequacy of counsel under the *Strickland* standard. Accordingly, Ground 1 is denied.

Similarly, Ground 2 also fails as a matter of law.  In Ground 2, Petitioner asserts that the state post-conviction motion court erred in denying Petitioner's post-conviction motion based on Ground 1.  Ground 2 fails to state a basis for federal habeas relief "[b]ecause there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, [so] an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990); *Williams v. Missouri*, 640 F.2d at 143-44 (8th Cir. 1981).  Accordingly, Ground 2 is denied.

**C. Statement During Closing Argument**

In Ground 12, Petitioner asserts that the prosecutor engaged in misconduct by telling the jury "to put an end to the meth problem" by finding Petitioner guilty (Doc. 1-16 at 12).  As a preliminary matter, Petitioner lists Ground 12 as an "Unexhausted Claim" that has not been reviewed by state courts (*See* Doc. 1-16 at 1).  Indeed, Petitioner has not raised this precise claim

before the state courts. On direct appeal, Petitioner asserted that the trial court abused its discretion and violated Petitioner's rights to due process and a fair trial by overruling defense counsel's objection to the prosecutor's statement during closing arguments (Doc. 25-3 at 10). Here, Petitioner asserts that the same statement from the prosecutor amounts to prosecutorial misconduct (Doc. 1-16 at 10). Although the Court would be within its right to find this claim procedurally defaulted, in the interests of justice the Court will address the underlying issue.

On direct appeal, the Missouri Court of Appeals found the following facts:

> At the end of the prosecutor's reply closing argument, the prosecutor stated: "I'm gonna [sic] finish with one thing. Everybody always talks about, you know, they need to do something about the meth problem. Well, today you're "they." Defense counsel requested permission to approach the bench. At the bench, defense counsel objected to the prosecutor's argument on the ground the prosecutor "implied" the "community" was "responsible for getting rid of meth," and requested that the prosecutor's argument "be stricken" and "a mistrial be declared." The trial court denied defense counsel's request.

(Doc. 25-5 at 3). *See also* (Doc. 25-1 at 165-166). The Court also notes that during questioning from the trial judge the prosecutor stated that there was no case law that he was aware of that prohibited his statement, and that "[w]e use it on everyone of these. It's stock summation." (*Id.* at 166). In affirming the trial court's judgment on appeal, the Missouri Court of Appeals held that the prosecutor was permitted to argue that the jury should send a message that crime should be severely punished or that the protection of the public rests with the jury (Doc. 25-5 at 4-5) (citing *State v. Ayers*, 911 S.W.2d 648, 651 (Mo. Ct. App. 1995)).

The prosecutor's statements during closing argument can only warrant federal habeas relief if Petitioner shows that the statements were "so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." *Cole v. Roper*, 623 F.3d 1183, 1194 (8th Cir. 2010) (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). In *Darden,* the prosecutor insinuated that if not given the death penalty, the defendant might be allowed out on

12

work release to kill again, referred to the defendant as an animal who should be on a leash, and asserted that he wished the defendant's face had been "blown off." 477 U.S. at 180 nn.10-12. The Supreme Court found that while improper, these comments did not infect the trial with unfairness sufficient to deny petitioner due process. *Id.* at 181-83. Applying the *Darden* standard, the Eighth Circuit Court of Appeals has previously frowned upon prosecutors attempting to "send a message," or personalize arguments, but has also recognized that it is exceptionally rare that habeas relief will be granted on these bases. *Cole*, 623 F.3d at 1194-95. *See also Sublett v. Dormire,* 217 F.3d 598, 601 (8th Cir. 2000) (holding that concerns over a prosecutor's improper closing argument did not render a trial fundamentally unfair "in light of the jury's common sense ability to put aside a particular type of overzealous advocacy with the help of the court's standard instruction that arguments of counsel are not evidence"); *Kellogg v. Skon,* 176 F.3d 447, 451-52 (8th Cir. 1999) (finding remarks during closing argument by the prosecutor that the presumption of innocence had been "removed," in addition to other personal expressions concerning defendant's culpability did not make entire trial fundamentally unfair as the jury was properly instructed and weight of evidence was heavy).

  The Court finds that the state appellate court's opinion is consistent with federal law, and that the prosecutor's statements did not "fatally infected the proceedings" or render Petitioner's trial "fundamentally unfair." *Darden,* 477 U.S. at 181. As the record shows, the prosecutor's verbatim comment in closing arguments to the jury was, "I'm gonna [sic] finish with one thing. Everybody always talks about, you know, they need to do something about the meth problem. Well, today you're 'they'" (Doc. 25-1 at 166). In context, this statement is not as aggressive as Petitioner indicates in his petition. In fact, compared to the statements in *Darden*, the

13

prosecutor's comment here was only mildly suggestive and certainly did not rise to the level necessary to justify federal habeas relief.  Accordingly, Ground 12 is denied.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right*." Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.  Dated this 30th day of July, 2021.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
